UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND,

    Plaintiff,

    v.

ALLIED PROFESSIONAL SERVICES,
INC., a/k/a ALLIED SERVICES,

    Defendant.

Civil Action No. 06-2167 (JDB)

## ORDER AND DEFAULT JUDGMENT

Plaintiff, the International Painters and Allied Trades Industry Pension Fund, brings this action against defendant Allied Professional Services, Inc. pursuant to the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. Plaintiff seeks judgment by default against defendant for delinquent pension contributions owed by defendant to plaintiff and certain ancillary funds pursuant to labor contracts, a trust agreement, and pension plan. Plaintiff also seeks injunctive relief to facilitate a further accounting of contributions owed by defendant.

Plaintiff served the complaint on defendant Allied Professional Services, Inc. on January 6, 2007. Defendant has not answered or otherwise responded to the complaint. On February 1, 2007, pursuant to Fed. R. Civ. P. 55(a), the Clerk of the Court entered a default against defendant. Plaintiff subsequently submitted the pending motion for default judgment on February 16, 2007.

The Court has reviewed the motion for default judgment and the accompanying exhibits, and has determined that default judgment in the amounts and nature sought is appropriate as set forth below. Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's motion for default judgment is **GRANTED**.

2. Judgment is entered in favor of plaintiff International Painters and Allied Trades Industry Pension Fund and against defendant Allied Professional Services, Inc. aka Allied Services ("Defendant"), in the amount of $6,226.28, itemized as follows:

   (a) Unpaid contributions in the amount of $2,770.00, due for the month of May 2002 and the period July 2002 through December 2002;

   (b) Interest on the unpaid contributions set out in ¶ 2(a) above through February 15, 2007 in the amount of $687.87. The contribution amount in ¶ 2(a) will continue to bear interest as provided in 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621, as from time to time amended, until the date of actual payment;

   (c) Liquidated damages in the amount of $687.87;

   (d) Attorney fees and costs in the amount of $2,080.54, representing the fees and costs incurred from December 2006 through February 15, 2007.

3. Defendant, its owners, officers, agents, servants, attorneys, and all others persons acting on its behalf or in conjunction with defendant, shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which defendant is obligated to do so under its collective bargaining agreement(s).

4. Within ten (10) days of the entry of this Order, defendant shall fully and accurately complete and submit to plaintiff any and all outstanding remittance reports, including but not limited to reports and contributions for the month of May 2002 and the period July 2002 through December 2002, together with a check for the full amount of the contributions and dues due, including interest and liquidated damages.

5. Within twenty (20) days of a request by plaintiff or its counsel, defendant shall make available to the designated representative of the plaintiff all payroll books and related records necessary for plaintiff to ascertain the precise amount of any delinquent contributions due and owing to plaintiff for all periods in which defendant is obligated to make fringe benefit contributions to the plaintiff, and defendant shall bear the costs of said audit.

6. Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Defendant shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by plaintiff, and shall produce all payroll books and related records requested by plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits, and other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to plaintiff.

7. If additional delinquencies are discovered pursuant to the submission of the remittance reports or the audit referred to above, or as a result of additional information that becomes available to plaintiff, then plaintiff may apply to the Court for a supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorney fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), together with any audit costs incurred by plaintiff.

8. If any such further action by the plaintiff is required, it may apply to this Court or to the court in which enforcement is sought for further reasonable attorney fees and costs in addition to those set out in Paragraph 2(d) supra.

9. If defendant fails to comply with any of the terms of this Order, the plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

**SO ORDERED.**

_____
JOHN D. BATES
United States District Judge

Dated: April 10, 2007

Copies to:

Sanford G. Rosenthal
JENNINGS SIGMOND
510 Walnut St., Suite 1600
Philadelphia, PA 19106-3683
Email: usdc-dc@jslex.com
    *Counsel for plaintiffs*

ALLIED PROFESSIONAL SERVICES, INC.
aka Allied Services
3709 Center St.
Des Moines, IA 50312
    *Defendant*